1

2

3

4

5

IN THE UNITED STATES DISTRICT COURT

6

FOR THE NORTHERN DISTRICT OF CALIFORNIA

7

8

RANDY PIGG,                                    No. C-12-5009 TEH (PR)

9

                        Plaintiff,

10

            v.

11                                             ORDER OF DISMISSAL WITH LEAVE
                                               TO AMEND
GERTRUDE GAMBLE, JOHN M. PARSONS,
12  JOHNSTON H. CHANDLER and ERNEST
    TERRELL, JR.,

13

                        Defendants.
14  _____/

15

16          Plaintiff Randy Pigg, a state inmate incarcerated at the

17  California Training Facility in Soledad, filed a <u>pro se</u> action

    against Gertrude Gamble, John M. Parsons, Johnston H. Chandler and
18
    Ernest Terrell, Jr.[1]  Plaintiff's application to proceed <u>in forma</u>
19
    <u>pauperis</u> has been granted in a separate order.  This action is now
20
    before the Court for review under 28 U.S.C. § 1915A.
21

22                                      I

23          In his complaint, Plaintiff alleges that Defendants

24  defrauded him from his share of the Gertrude Gamble estate, which

    was comprised of real property located in the state of Louisiana.
25

26          [1]Although not named in the caption of his complaint, Plaintiff
    alleges that, in addition to the named Defendants, he holds "harmful"
27  the law firm of James Campbell, Cook, Yancey, King and Galloway and
    Palmer Petroleum Inc., Exco Resources, Inc. and Petrohawk Operating
28  Company.

Plaintiff alleges that Ernest Terrell Jr. "purports to have sold his interest in the Gamble property to give the impression that he sold his interest in the DeSoto Parish Property with all of the fellow heirs.  This is not the case.  In actuality, it was to primarily deceive the fellow heirs.  A ploy to have total control of the property in question, plus mineral interest."  Based upon these allegations, Plaintiff asserts the claims of fraud and "disputed title."  Plaintiff's requests for relief include: restoration of his legal title to the Gertrude Gamble estate; a preliminary injunction closing all lease roads entering and exiting the Gamble estate property; dissolution of all oil and gas lease contracts; an accounting concerning all financial matters of the Gertrude Gamble estate property; an order directing the State of Louisiana Commissioner of Conservation to release all records concerning the Parsons Well Unit and other forms of injunctive relief.

## II

A federal court must engage in a preliminary screening of any case in which a prisoner seeks redress from a governmental entity or officer or employee of a governmental entity.  28 U.S.C. § 1915A(a).  Furthermore, when a plaintiff requests to proceed in forma pauperis, a court must engage in a preliminary screening of the complaint when it alleges claims against private individuals or entities.  28 U.S.C. § 1915(e)(2).  Under both statutes, the court must identify any cognizable claims, and dismiss any claims which are frivolous, malicious, fail to state a claim upon which relief may be granted or seek monetary relief from a defendant who is

immune from such relief.  28 U.S.C. §§ 1915A(b) and 1915(e)(2).

Pro se pleadings must be liberally construed.  Hebbe v. Pliler, 627

F.3d 338, 342 (9th Cir. 2010).

III

"Federal courts are courts of limited jurisdiction.  They

possess only that power authorized by Constitution and statute,

. . . which is not to be expanded by judicial decree." Kokkonen v.

Guardian Life Ins. Co. of Am., 511 U.S. 375, 377 (1994).  The court

is presumed to lack jurisdiction unless the contrary appears

affirmatively from the record.  DaimlerChrysler Corp. v. Cuno, 547

U.S. 332, 342 n.3 (2006).  Federal courts have a duty to examine

jurisdiction sua sponte before proceeding to the merits of a case.

S. Pac. Transp. Co. v. City of Los Angeles, 922 F.2d 498, 502 (9th

Cir. 1990).  "If the court determines at any time that it lacks

subject-matter jurisdiction, the court must dismiss the action."

Fed. R. Civ. P. 12(h)(3).

The complaint must demonstrate that the district court has

either federal question or diversity jurisdiction.  The diversity

jurisdiction statute confers jurisdiction in cases where the parties

are citizens of different states and where the amount in controversy

exceeds $75,000.  28 U.S.C. § 1332.  The diversity statute is

strictly construed, and any doubts are resolved against finding

jurisdiction.  Kantor v. Wellesley Galleries, Ltd., 704 F.2d 1088,

1092 (9th Cir. 1983).  Because the citizenship of the parties is a

jurisdictional fact in diversity actions, the burden is on the

plaintiff -- the party invoking federal jurisdiction -- to plead and

prove such facts.  **Bautista v. Pan American World Airlines, Inc.**, 828 F.2d 546, 552 (9th Cir. 1987).

On the cover sheet of his complaint, Plaintiff has checked the box indicating that the basis of jurisdiction is diversity.  He has also checked the boxes indicating that he is a citizen of this state and that Defendants are incorporated and have their principal place of business in another state.  He also indicates that he demands $10,000,000 in damages.  Thus, from the cover sheet, it appears that Plaintiff may meet the requirements for diversity jurisdiction.

However, as indicated above, it is not clear from Plaintiff's complaint which individuals or businesses he is actually suing.  In order to sufficiently allege diversity jurisdiction, Plaintiff must specify the state of citizenship for each individual and business he is suing.  Because Plaintiff alleges that he is a citizen of California, diversity jurisdiction exists only if all named Defendants are citizens of states other than California.  Therefore, this complaint is dismissed for lack of diversity jurisdiction.  Furthermore, Plaintiff does not allege federal claims and, thus, there is no federal question jurisdiction here.  See 28 U.S.C. § 1332.  Plaintiff is given leave to amend to adequately allege that there is complete diversity between the parties.

Moreover, Plaintiff's complaint must be dismissed for another reason.  Plaintiff's claims of fraud and disputed title are not adequately alleged.  Plaintiff must allege each Defendant's conduct that gives rise to each claim.  Furthermore, claims of fraud

**4**

must be stated with particularity.  <u>See</u> Fed. R. Civ. Pro. 9(b)
(party alleging fraud "must state with particularity the
circumstances constituting fraud or mistake").

In Louisiana, the elements of a claim of fraud are "a
misrepresentation of material fact made with the intent to deceive
when there was reasonable or justifiable reliance by the plaintiff
and resulting injury."  <u>Chateau Homes by RJM, Inc. v. Aucoin</u>, 97 So.
3d 398, 404-05 (La. App. 5 Cir. 2012).[2]  Rule 9(b)'s particularity
requirements apply to state as well as federal claims of fraud.
<u>Vess v. Ciba-Geigy Corp. USA</u>, 317 F.3d 1097, 1103 (9th Cir. 2003).
To adequately plead fraud, a plaintiff must allege the circumstances
of the fraudulent conduct which includes the time, place and nature
of the alleged fraudulent activities or statements.  <u>Swartz v. KPMG
LLP</u>, 476 F.3d 756, 764 (9th Cir. 2007).  When several defendants are
sued in connection with an alleged fraudulent scheme, the complaint
does not necessarily have to identify the false statements made by
each defendant, but the complaint must inform each defendant of the
allegations surrounding its alleged participation in the fraud.  <u>Id.</u>
at 764-65.

Plaintiff is given leave to amend his complaint to remedy
the noted deficiencies.  Plaintiff also may consider filing his

---

[2]The Court cites Louisiana law because the real property at issue
is alleged to be located in that State.  This does not mean that the
Court has concluded that Louisiana law applies to Plaintiff's claims.
The law regarding fraud under California law is similar to
Louisiana's.  <u>See</u> <u>Saldate v. Wilshire Credit Corp.</u>, 686 F. Supp. 2d
1051, 1063 (E.D. Cal. 2010) (elements of fraud in California are:
(1) misrepresentation; (2) knowledge of the falsity; (3) intent to
defraud; (4) justifiable reliance; and (5) resulting damage).

complaint in the state of Louisiana, where the real property at issue is located and where, the Court assumes, Defendants are located.  The Court notes that, if Defendants do not have sufficient contacts with the state of California, they may not be subject to personal jurisdiction in this district.  See e.g. Calder v. Jones, 465 U.S. 783, 788 (1984) ("The Due Process Clause of the Fourteenth Amendment to the United States Constitution permits personal jurisdiction over a defendant in any State with which the defendant has certain minimum contacts . . . such that the maintenance of the suit does not offend traditional notions of fair play and substantial justice. . . . In judging minimum contacts, a court properly focuses on the relationship among the defendant, the forum, and the litigation.").  Therefore, dismissal is without prejudice to refiling this action in state court.

## IV

For the foregoing reasons, Plaintiff's Complaint is DISMISSED WITHOUT PREJUDICE TO REFILING IN STATE COURT and is also DISMISSED WITH LEAVE TO FILE A FIRST AMENDED COMPLAINT against all Defendants that Plaintiff wishes to proceed against in this action. If Plaintiff chooses to file a First Amended Complaint, the pleading must be simple, concise and direct and must state clearly and succinctly how each and every Defendant is alleged to have engaged in conduct that gave rise to Plaintiff's claims and, as discussed above, the fraud claim must be alleged with particularity.  The pleading must include the caption and civil case number used in this order and the words COURT ORDERED FIRST AMENDED COMPLAINT on the

first page.   Failure to file a proper First Amended Complaint within (28) twenty-eight days from the date of this order will result in the dismissal of this action.

If Plaintiff decides to re-file this action in Louisiana state court, he shall so inform the Court, and this case will be dismissed.

IT IS SO ORDERED.

DATED      _11/07/2012_      _____
                            **THELTON E. HENDERSON**
                            **United States District Judge**

G:\PRO-SE\TEH\CR.12\Pigg 12-5009-dis lack fed juris.wpd

7